UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 1 4 CV 3037



Shihan Chen, Lianpei Qi individually and on behalf of all other employees similarly situated,

Plaintiffs,

- against -

Arts Nail Putnam Valley, Inc., Arts Nail Vestal Inc., d/b/a "Art Nail Spa", and "Arts Nail & Spa", Xiaoyan Zang, Haiying Zhou, and Ye Zhou

Defendants.

Case No.

**COLLECTIVE & CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND**

Plaintiffs Shihan Chen ("Chen"), Lianpei Qi ("Qi"), on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants Arts Nail Putnam Valley, Inc., Arts Nail Vestal Inc., d/b/a "Art Nail Spa", and "Arts Nail & Spa", Xiaoyan Zang ("Zang"), Haiying Zhou ("Zhou"), and Ye Zhou ("Ye Zhou") (collectively "Defendants"), allege and show the Court the following:

## NATURE OF THE ACTION

1. Plaintiffs allege, on behalf of themselves and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are entitled to (i) unpaid minimum wages; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) liquidated damages, declaratory relief, costs, interest and attorneys' fees pursuant to the FLSA, 29 U.S.C. §§201 et seq. Plaintiffs bring this claim

individually and on behalf of other similarly situated employees under the collective action provisions of the FLSA 29 U.S.C. §216(b).

2. Plaintiffs further complain on behalf of themselves and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to (i) unpaid minimum wages; (ii) overtime compensation for work performed for which they did not receive overtime premium pay; (iii) spread of hours compensation; and (iv) liquidated damages, costs, interest and attorneys' fees pursuant to the New York Labor Law §§ 650 et seq., including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) and other appropriate rules, regulations, statutes and ordinance governing overtime wages and notices and statements of rates of pay (collectively "NYLL").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

4. This Court has jurisdiction over the state law claim pursuant to 28 USC § 1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

5. This Court has personal jurisdiction over Defendants because they are engaged in business within the State of New York, and the events complained of occurred in New York.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Defendant Arts Nail Putnam Valley Inc. resides in Putnam County and its New York Department of State's process address is 8 Miranda Plaza Oregon Road, Putnam

Valley, New York, 10579.

## THE PARTIES

7.    Plaintiff Chen is a resident of the State of New York, County of Queens.

8.    Plaintiff Qi is a resident of the State of New York, County of Queens.

9.    Defendant Arts Nail Putnam Valley, Inc., d/b/a d/b/a Art Nail Spa and Arts Nail & Spa, is a New York State business corporation. Public records identify its formation date as "December 10, 20013" and it was dissolved on November 19, 2012. Its Department Of State process address is "8 Miranda Plaza Oregon Road, Putnam Valley, New York, 10579."

10.    Defendant Arts Nail Vestal Inc., d/b/a d/b/a Art Nail Spa and Arts Nail & Spa, is a New York State business corporation. Public records identify its formation date as "October 05, 2011" and it is active now. Its DOS Process address is "2520 Vestal Parkway East, Vestal, New York, 13850."

11.    Based upon information and belief, Defendant Arts Nail Vestal Inc. is the successor-in-interest to Defendant Arts Nail Putnam Valley, Inc.

12.    Defendants Arts Nail Putnam Valley, Inc. and Arts Nail Vestal Inc. operate three nail spas: (1) "Art Nail Spa" at 2898 Westinghouse Rd, Horseheads, NY 14845; (2) "Art Nail Spa" at 830 County Rd 64, Elmira, NY 14903; and (3) "Arts Nail & Spa" at 2520 Vestal Parkway East, Vestal, NY 13850.

13.    Upon information and believe, Defendant Zang resides in Chemung County, New York. Defendant Zang is an owner, officer, shareholder, and manager of Defendants Arts Nail Putnam Valley, Inc. and Arts Nail Vestal Inc. Upon information and belief, at all times relevant to the allegations herein, she had the power to hire and fire employees at "Art Nail Spa" in both Horseheads and Elmira and "Arts Nail & Spa", establish their wages, set

3

their work schedules, and maintain their employment records.

14. Defendant Chung Zang is an employer within the meaning of the FLSA and New York Labor Law.

15. Upon information and believe, Defendant Haiying Zhou resides in Chemung County, New York. Defendant Zhou is an owner, officer, shareholder, and manager of Defendants Arts Nail Putnam Valley, Inc. and Arts Nail Vestal Inc. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at "Art Nail Spa" in both Horseheads and Elmira and "Arts Nail & Spa", establish their wages, set their work schedules, and maintain their employment records.

16. Defendant Haiying Zhou is an employer within the meaning of the FLSA and New York Labor Law.

17. Upon information and believe, Defendant Ye Zhou resides in Chemung County, New York. Defendant Ye Zhou is an owner, officer, shareholder, and manager of Defendants Arts Nail Putnam Valley, Inc. and Arts Nail Vestal Inc. Upon information and belief, at all times relevant to the allegations herein, she had the power to hire and fire employees at "Art Nail Spa" in both Horseheads and Elmira and "Arts Nail & Spa", establish their wages, set their work schedules, and maintain their employment records.

18. Defendant Ye Zhou is an employer within the meaning of the FLSA and New York Labor Law.

19. During the times relevant to this Complaint, Defendants have employed more than ten employees and have an annual gross volume of sales of not less than $500,000.00.

20. Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said

4

differently, Defendants are subject to the Fair Labor Standards Act.

21.     At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

22.     Defendants employed the Plaintiffs and all others similarly situated employees as employees within the meaning of FLSA 29 U.S.C. § 203.

## COLLECTIVE ACTION ALLEGATIONS

23.     Pursuant to 29 U.S.C. §207, Plaintiffs seeks to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since April 2011 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wages and overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

24.     This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least thirty (30) members of the collective action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claim.

25.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in

5

conflict with those members of this collective action.

26.   A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

27.   Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.   whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b.   whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

c.   what proof of hours worked is sufficient where the employer fails in their duty to maintain time records;

d.   whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.   whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f.   whether Defendants are liable for all damages claimed hereunder,

6

including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.   whether Defendants should be enjoined from such violations of the FLSA in the future.

28.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude their maintenance as a collective action.

## CLASS ALLEGATIONS

29.   Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

30.   Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since April 2008 to the entry of judgment in this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid minimum wages and overtime wages in violation of the New York Labor Law (the "Class").

31.   The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of thirty (30) members of the Class during the Class Period.

32.   The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy--particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate

7

Defendants.

33.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

34.    Plaintiffs have committed themselves to pursuing this action and they have retained competent counsel experienced in employment law and class action litigation.

35.    Plaintiffs have the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

36.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.    whether the Defendants employed the Plaintiffs and Class members within the meaning of the New York Labor Law;

    b.    whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and the members of the Class;

    c.    what proof of hours worked is sufficient where the employer fails in their duty to maintain time records;

    d.    whether Defendants failed to pay the Class members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the NYLL and the regulations promulgated thereunder;

    e.    whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory

8

damages, interest, costs and disbursements and attorneys' fees;

f.   whether Defendants should be enjoined from such violations of the NYLL in the future;

g.   whether Defendants failed to provide Plaintiffs with written notices of their rates of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer and other information and disclosures as required by New York Labor Law, §195(1)(a); and

h.   whether Defendants failed to provide Plaintiffs with written statements of their wages, listing the dates of work covered by the payment of wages, the rate of pay and the basis thereof as required by New York Labor Law, § 195(3).

## STATEMENT OF FACTS

37.   At all relevant times, Defendants Arts Nail Putnam Valley, Inc. and Arts Nail Vestal Inc. operate three nail spas: (1) "Art Nail Spa" at 2898 Westinghouse Rd, Horseheads, NY 14845; (2) "Art Nail Spa" at 830 County Rd 64, Elmira, NY 14903; and (3) "Arts Nail & Spa" at 2520 Vestal Parkway East, Vestal, NY 13850.

38.   Upon information and belief, Defendants employ at least thirty (30) employees at any one time in their factory. Plaintiffs and a large number of Defendants' other employees have not received their: (i) minimum wage and overtime pay as required by the Fair Labor Standards Act and the New York Labor Law; and (ii) spread of hours compensation.

39.   Plaintiff Chen is employed by the Defendants as a manicurist at all three nail spas from March 23, 2010 to March 9, 2014.

40.   Plaintiff Qi was employed by the Defendants as a manicurist at the first

9

two nail spas located at 2898 Westinghouse Rd, Horseheads, NY 14845 and at 830 County Rd 64, Elmira, NY 14903.

41.    When the Plaintiffs were hired, they were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

42.    During the employment of Plaintiff Chen by Defendants, he was paid as follows:

> $60 per day from March 23, 2010 to April 4, 2010;
> $65 per day from April 5, 2010 to February, 2011;
> $70 per day from May 24, 2011 to February 2012;
> $75 per day from March 2012 to February 2013;
> $80 per day from March 2013 to February 2014; and
> $85 per day from March, 2014 to March 9, 2014;

43.    During the employment of Plaintiff Qi by Defendants, she was paid as follows:

> $120 per day from May 23, 2011 January 2012;
> $125 per day from February 2012 to March 2012; and
> $130 per day from April 2012 August 19, 2013

44.    Plaintiffs worked more than forty (40) hours per workweek on each workweek. Specifically, Plaintiffs worked 10.2 hours from Monday to Friday, 9.7 hours on Saturday, and 8.2 hours on Sunday. They took one day off every week but the off-day could be

10

any one of dates from Monday to Sunday. They worked about sixty-four (64) hours per workweek, six days on each workweek from March to September. They worked between Fifty-four and sixty-four (54-64) hours per workweek, five to six days on each workweek from October to February. Plaintiffs worked fourteen to twenty-four (14-24) hours of overtime hours per workweek.

45.   Plaintiffs were not allowed to take a full 30 minute uninterrupted lunch break during their shifts.

46.   Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

47.   The work performed by Plaintiffs required little skill and no capital investment.

48.   Plaintiffs did not supervise other employees, did not have hiring and firing authority and their job duties did not include managerial responsibilities or the exercise of independent business judgment.

49.   From March 23, 2010 to February 2013, Plaintiff Chen was compensated at the rate of approximately $5.62 to $ 7.03 per hour, which is far below the applicable Federal and State minimum wage requirements.

50.   Plaintiffs often worked in excess of 40 hours a week yet the Defendants willfully failed to pay Plaintiff compensation for hours worked in excess of forty hours per week, including overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

51.   In addition to the Plaintiffs, during the time period Defendants usually

11

employed at least fifteen (15) other employees simultaneously.

52.    Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until present, the Defendants have likewise employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital.

53.    Such individuals have worked in excess of 40 hours a week providing worker services, yet the Defendants have likewise willfully failed to pay them for all hours worked at their agreed-upon rates as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

54.    As stated, the exact number of such individuals is presently unknown but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

55.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants routinely required Plaintiffs and the Collective Action Members/the Class to work long days and weekends such that they were required to work well in excess of forty (40) hours per week.

56.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

57.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the

12

Collective Action Members/the Class, the Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and NYLL.

58.   Defendants also required Plaintiff Chen to do renovation work on their "Arts Nail & Spa" located at 2520 Vestal Parkway East, Vestal, NY 13850 for about two weeks without any wage payment.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF:

### FAIR LABOR STANDARDS ACT-MINIMUM WAGE

59.   Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

60.   At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

61.   At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

62.   Upon information and belief, at all relevant times, the Corporate Defendants each has gross revenues in excess of $500,000.

63.   Defendants failed to pay to their employees at the applicable minimum hourly wage, in violation of 29 U.S.C. § 206(a).

64.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65.    Due to Defendants' Fair Labor Standards Act violations, Plaintiffs, on behalf of themselves and the Collective Action members, are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages plus liquidated damages equal to 100% of their her back-pay award and reasonable attorneys' fees and costs of the action.

### SECOND CLAIM FOR RELIEF:

### FAIR LABOR STANDARDS ACT-OVERTIME

66.    Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of forty hours per workweek.

68.    As a result of the Defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C, §§ 201 *et seq*, including 29 U.S.C. §§ 207(a) (1) and 215(a), including the federal minimum wage.

69.    As a result of the Defendants' failure to record, report, credit and/or compensate their employees, including Plaintiffs and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§ 211(c)

and 215(a).

70.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71.    Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action members, are entitled to recover from Defendants their unpaid wages, their unpaid minimum wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### THIRD CLAIM FOR RELIEF:

### NEW YORK LABOR LAW-MINIMUM WAGE

72.    Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73.    At all relevant times, Plaintiffs and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

74.    Defendants failed to pay their employees at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, New York Labor Law §652.

75.    Due to Defendants' New York Labor Law violations, Plaintiffs, on behalf of themselves and the Class Members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, liquidated damages from April 2008 to the entry of judgment in this case, and reasonable attorneys' fees and costs of the action, including interest.

15

## FOURTH CLAIM FOR RELIEF:

## NEW YORK LABOR LAW-OVERTIME

76. Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77. Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

78. Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

79. Due to the Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages, and unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1) et al.

## FIFTH CLAIM FOR RELIEF:

## NEW YORK LABOR LAW-SPREAD OF HOURS

80. Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set

16

forth herein.

81.    Defendants failed to pay Plaintiffs and the members of the Class at the applicable compensation for Spread of Hours, in violation of the 12 NYCRR § 137-1.7 and 12 NYCRR 146-1.6 (formerly 12 NYCRR § 137-1.7).

82.    Due to Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants, jointly and severally, their unpaid compensation for spread of hours, and reasonable attorneys' fees and costs of the action, including interest.

### SIXTH CLAIM FOR RELIEF:

### NEW YORK LABOR LAW - FAILURE TO PROVIDE NOTICES AND STATEMENTS

83.    Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeat and re-allege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

84.    The defendants failed to furnish to the Plaintiffs at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

85.    Due to the defendants' violation of the NYLL, § 195(1), the Plaintiffs are

entitled to recover from the defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-b).

86.    The defendants failed to furnish with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL, § 195(3).

87.    Due to the defendants' violation of the NYLL, § 195(3), the Plaintiffs are entitled to recover from the defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-d).

88.    The defendants' NYLL violations have caused the Plaintiffs irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the

pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and themselves counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e. An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of wages for minimum wages as well as overtime compensation due under the FLSA and the New York Labor Law;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage as well as overtime compensation pursuant to 29 U.S.C § 216 and the New York Labor Law;

h. An award of unpaid compensation for spread of hours under New York Labor Law and its regulations;

i. An award of liquidated damages as a result of the defendants' failure to furnish a notice at the time of hiring, pursuant to the New York Labor Law;

j.   An award of liquidated damages as a result of the defendants' failure to furnish statements with each payment of wages, pursuant to the New York Labor Law;

k.   An award of prejudgment and post-judgment interest;

l.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.   Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs, on behalf of themselves and the Collective Action Members, demand a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York  April 28, 2014        HANG & ASSOCIATES, PLLC.

Jian Hang
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com

*Attorneys for Plaintiffs*

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Art Nail SPA and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_Chen shi han_
Full Legal Name (Print)

_Chenshi han_
Signature

_4/22/2014_
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Art Nail SPA and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Lian pei Qi*

Full Legal Name (Print)

Signature

Date