USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: ____________
DATE FILED: 7/14/2017

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

**CHEN et al,**

**Plaintiffs,**

**-against-**

**ARTS NAIL PUTNAM VALLEY INC. et al,**

**Defendants.**

---------------------------------------------------------- x

**1:14-cv-03037 (ALC)**

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs Shihan Chen and Lianpei Qi bring this action against Defendants Arts Nail Putnam Valley Inc., Arts Nail Vestal Inc., d/b/a "Art Nail Spa" and "Arts Nail & Spa," Xiaoyan Zang, Haiying Zhou, and Ye Zhou, seeking to recover unpaid wages under the Fair Labor Standards Act ("FLSA"). Plaintiffs have moved to compel discovery, impose sanctions for attorney's fees and costs, and disqualify Defendants' counsel. In turn, Defendants have moved to transfer venue pursuant to 28 U.S.C. §1404(a) to the Northern District of New York ("NDNY") and to dismiss the action as to Ye Zhou.

For the reasons that follow, Defendants' motion to transfer venue is granted and Defendants' motion to dismiss as to Ye Zhou is denied. Because the motion to transfer is granted, Plaintiffs' pending motion is rendered moot.

**BACKGROUND**

Defendant Arts Nail Putnam Valley Inc. is an inactive corporation, dissolved on November 19, 2012, almost 2 years before the start of this FLSA litigation. Compl. ¶ 9. Arts Nail Putnam Valley resides in Putnam Valley, New York and is the only Defendant to reside in the Southern District of New York. Defendant Arts Nail Vestal, allegedly the successor-in-

interest to Arts Nail Putnam Valley Inc., operates three nail spas located at Horseheads, NY; Elmira, NY; and Vestal, NY. *Id.* ¶¶ 11-12. The alleged owners, shareholders, officers, or managers of Arts Nail Vestal Inc. are Xiaoyan Zang, Haiying Zhou, and Ye Zhou—all of whom reside in Chemung County, New York. *Id.* ¶¶ 13, 15, 17. Xiaoyan Zang and Hai Ying Zhou are the parents of Ye Zhou. Ye Zhou Aff. ¶ 3.

Plaintiff Chen was employed by the Defendants as a manicurist at all three nail spas. Compl. ¶ 39. Plaintiff Qi was also employed by the Defendants at two of the nail spas. *Id.* ¶ 40. Both Plaintiffs reside in Queens County, New York. *Id.* ¶¶ 7-8.

Plaintiffs commenced this lawsuit on February 29, 2014, seeking unpaid minimum wages, overtime compensation, and spread of hours compensation. At the initial telephone conference, Defendants raised the issue of dismissing for improper venue or transferring venue, but chose to pursue settlement talks in hopes for a quick settlement. Defs.' Mot. to Transfer Venue, ECF No. 61 at 2; Defs.' Reply Aff. ¶ 2. Settlement talks did not reach a resolution and discovery proceeded. Plaintiffs made their instant motion on November 1, 2016, and Defendants made their instant motions on November 17, 2016.

## ANALYSIS

### I. Motion to Dismiss

Defendants move to dismiss the complaint as to Defendant Ye Zhou pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c). Properly considered, the motion is pursuant to Rule 12(c).[1] In their motion papers, Defendants submitted the affirmation of Ye Zhou for the Court's consideration. In the affirmation, Ye Zhou states that she has never worked or been employed at the nail salons or corporations, disavowing any involvement with those entities. Ye Zhou Aff. ¶ 3. The Court

[1] Once Defendants filed their answer, they were no longer entitled to file a motion to dismiss under Rule 12(b)(6). *See E-Lionheart Associates, LLC v. Alkane, Inc.*, No. 10 CV 2781 (VB), 2011 WL 5346101, *2 (S.D.N.Y. 2011).

cannot consider an affirmation on a Rule 12(c) motion because an affirmation is outside of the pleadings. *See Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 213 (2d Cir. 2003). Presented with the affirmation, the Court has two choices: either "exclude the additional material and decide the motion on the complaint alone" or "convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (quoting *Fonte v. Bd. of Managers of Continental Towers Condominium*, 846 F.2d 24, 25 (2d Cir. 1998)). Given that the Court's ruling to transfer venue will prevent this court from affording plaintiffs an opportunity to present supporting materials, the Court considers the motion based on the complaint alone.[2]

On a 12(c) motion to dismiss, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009). To survive a Rule 12(c) motion, plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 44 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (internal quotation marks omitted).

Under the FLSA, in order to determine whether an individual is an employer, courts apply the "economic reality" test. *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013). Under this functional test, employment for FLSA purposes is a "flexible concept to be determined on a case-by-case basis by review of the totality of circumstances." *Id.* (quoting *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008)). The "overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Security Services Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (internal citation

---

[2] Defendants may move for summary judgment in the Northern District to dismiss the action as to Ye Zhou.

omitted). Under this flexible test and the Court's obligation to accept all facts in the complaint as true, Plaintiffs' barebones allegations that Ye Zhou had the power to control the employees is sufficient for Plaintiffs to survive a Rule 12(c) motion. Therefore, the Court denies Defendants' motion to dismiss as to Defendant Ye Zhou.

## II. Motion to Transfer Venue

Plaintiffs contend that Defendants have waived their objection to venue in the Southern District of New York ("SDNY") and have implicitly consented to venue in SDNY due to litigating this matter for nearly two years. Plaintiffs' contention is inaccurate. Defendants at the first conference asserted in court that transfer may be necessary but held off a motion in hopes for a quick resolution. Defs.' Reply Aff. ¶ 2. Even if Defendants did waive their objection to venue, they may still move for transfer under § 1404(a), as they did here. *Orb Factory, Ltd. v. Design Science Toys, Ltd.*, 6 F. Supp. 2d 203, 207 (S.D.N.Y. 1998); *see also* 14D Fed. Prac. & Proc. Juris. § 3829 (4th ed.) (stating "that a defendant who has waived a venue objection has not necessarily waived the right to seek a transfer of venue under 28 U.S.C.A. § 1404(a)"). Thus, the Court will consider their motion.

### A. Governing Law

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). "[T]he purpose of [this] section is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). A motion to transfer venue first requires the Court to decide whether the case could have been brought in the transferee district. The parties do not dispute that this

action could have been brought in NDNY. If venue in the transferee district is appropriate, the second question is whether the transfer would promote the convenience of parties and witnesses and would be in the interest of justice. *See Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 401 (S.D.N.Y. 2005). Determinations of convenience under § 1404(a) are fact-specific and made on a case-by-case basis. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). A motion to transfer lies "within the broad discretion of the district court." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992).

In considering the second question, district courts consider a number of factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine and General Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).

The moving party bears the burden of demonstrating the desirability of transfer by making "a clear and convincing showing that the balance of convenience favors [it]s choice" of forum. *Hubbell Inc. v. Pass & Seymour, Inc.*, 883 F. Supp. 955, 962 (S.D.N.Y. 1995). The plaintiff's choice of forum should not be disturbed unless the balance of the factors tips heavily in favor of transfer. *See S-FER Int'l, Inc. v. Paladion Partners, Ltd.*, 906 F. Supp. 211, 213 (S.D.N.Y. 1995). "There is no rigid formula for balancing these factors and no single one of them is determinative." *Indian Harbor*, 419 F. Supp. 2d at 402 (internal quotations omitted). "Instead, weighing the balance 'is essentially an equitable task' left to the Court's discretion." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000).

B. Application

1. *Plaintiff's Choice of Forum*

Plaintiff's choice of forum is usually entitled to great deference. *See D.H. Blair & Co. Inc.*, 462 F.3d at 107. However, "plaintiffs' choice of forum is accorded less weight where the plaintiffs' chosen forum is neither their home nor the place where the operative facts of the action occurred." *Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690, 694 (S.D.N.Y. 1994); *see also Rindfleisch v. Gentiva Health Sys., Inc.*, 752 F. Supp. 2d 246, 251 (E.D.N.Y. 2010). Here, Plaintiffs do not reside in the Southern District. Moreover, the complaint alleges plaintiffs received unfair wages at three nail salons—all located in the Northern District. Although the Court acknowledges that Plaintiffs do live in Queens, NY, which is in close proximity to SDNY, the Plaintiffs nevertheless chose a forum that was neither the place of their residence nor where the allegations in the complaint occurred. As such, minimal deference is due to their choice of forum. Further, an analysis of other factors (as detailed below) demonstrates that the balance of factors is strongly in favor of transfer in this case, thus overcoming any deference owed to plaintiffs' choice of forum. *See Rindfleisch*, 752 F. Supp. 2d at 252.

2. *Convenience of Witnesses*

The convenience of witnesses is "typically the most important factor" on a motion to transfer. *Eres N.V. v. Citgo Asphalt Refining Co.*, 605 F. Supp. 2d 473, 480 (S.D.N.Y. 2009). Further, "[t]he convenience of non-party witnesses is accorded more weight than that of party witnesses." *Indian Harbor*, 419 F. Supp. 2d at 402.

Defendants contend that they have provided a list of 20 former employees during discovery, some of whom reside in NDNY and are potential witnesses. Defs.' Reply Aff. ¶ 3. Plaintiffs respond that that there will be no non-party witnesses and that a change in venue would

cause undue hardship to plaintiffs. However, Defendants may choose to put on the stand their former employees. The former employees of Defendants are likely to be significant, providing testimony on the issues of wages and compensation from their time of employment by Defendants. Thus, their convenience and the court's ease of access to their testimony carry weight for the Court's analysis. *See Seltzer v. Omni Hotels*, No. 09 Civ. 9115 (BSJ)(JCF), 2010 WL 3910597, at *3 (S.D.N.Y. Sept. 30, 2010). Considering the importance of these proposed witnesses, this factor weighs in favor of transfer.

3. *Location of Relevant Documents and Relative Ease of Access to Sources of Proof*

This factor is less important "in an era of electronic documents, easy copying and overnight shipping." *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008). Nevertheless, given that the operative facts alleged in the complaint occurred in the Northern District, relevant documents and other bases of proof are likely to located there. Accordingly, this factor weighs slightly in favor of transfer.

4. *Convenience and Relative Means of the Parties*

When considering the convenience of the parties, "[t]he logical starting point is a consideration of the residence of the parties." *Frasca v. Yaw*, 787 F. Supp. 327, 331 (E.D.N.Y. 1992) (citing *Heyco, Inc. v. Heyman*, 636 F. Supp. 1545, 1550 (S.D.N.Y. 1986)). Plaintiffs reside in Queens County, NY, and Defendants reside in NDNY. Thus, Plaintiffs traveling to NDNY would be more inconvenient with transfer, just as Defendants traveling to SDNY is inconvenient right now. Thus, this factor is neutral.

Consideration of the relative means of the parties does not bear heavily on the Court's analysis. This factor may "support or discourage transfer of venue if there is a significant financial disparity between the parties." *AGCS Marine Ins. Co. v. Associated Gas & Oil Co.*,

*Ltd.*, 775 F. Supp. 2d 640, 648 (S.D.N.Y. 2011) (quoting *Herbert Ltd. P'ship v. Electronic Arts Inc.*, 325 F. Supp. 2d 282, 290 (S.D.N.Y. 2004)). Plaintiffs note that they are nail salon workers and it would be financially burdensome to travel to NDNY. *See* Lianpei Qi Decl. But Defendants' nail salons are now closed and Defendants are not currently employed. Defs.' Reply Aff. ¶ 3. Because there is no significant financial disparity, this factor is also neutral.

5. *Locus of Operative Facts*

"The location of operative events is a primary factor in determining a § 1404(a) motion." *Eres N.V.*, 605 F. Supp. 2d at 481. "To determine where the locus of operative facts lies, courts look to the site of events from which the claims arises." *Flood v. Carlson Restaurants Inc.*, 94 F. Supp. 3d 572, 578 (S.D.N.Y. 2015). In wage and labor disputes, courts find that the locus of operative facts are found at the locations where employees worked. *See, e.g.*, *Bukhari v. Deloitte & Touche LLP*, No. 12 Civ. 4290 (PAE), 2012 WL 5904815, at *5 (S.D.N.Y. Nov. 26, 2012). Finally, "[c]ourts routinely transfer cases when the principal events occurred and the principal witnesses are located in another district." *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998). As noted earlier, the Complaint's allegations center around unpaid wages at three nail salons all located in NDNY. Plaintiffs do not come forward with any operative facts that occurred in this District. Accordingly, this factor strongly favors the Defendants.

In sum, considering all relevant facts and circumstances, Defendants have met their burden of showing that the relevant factors weigh in favor of transfer. On balance, the locus of operative facts and convenience of the witnesses favor transfer to the Northern District of New York.

### III. Motion to Compel

Having decided to transfer this action to the Northern District of New York, Plaintiffs' motion to compel discovery, impose sanctions for attorney's fees and costs, and disqualify Defendant's counsel is rendered moot.[3] *See Morris v. Ernst & Young, LLP*, No. 12 CV 0838(KMW), 2012 WL 3964744, at *7 (S.D.N.Y. Sept. 11, 2012).

### CONCLUSION

For the foregoing reasons, Defendants' motion to transfer venue to the United States District Court for the Northern District of New York is granted and Defendants' motion to dismiss as to Defendant Ye Zhou is denied. The Clerk of Court is directed to close this case and transfer to the Northern District of New York. Any pending motions are moot.

**SO ORDERED.**

**Dated: July 14, 2017**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**

[3] Of course, Plaintiffs may renew their motion in the Northern District of New York pursuant to that Court's local rules and procedures.