UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHIHAN CHEN, LIANPEI QI, and JING RU YANG,
individually and on behalf of all other employees
similarly situated,

                              Plaintiffs,

v.                                                                           3:17-cv-00799 (BKS/ML)

ARTS NAIL PUTNAM VALLEY INC., ARTS NAIL
VESTAL INC., d/b/a "Art Nail Spa," XIAOYAN ZANG,
HAIYING ZHOU, and YE ZHOU,

                              Defendants,
_____

**Hon. Brenda K. Sannes, United States District Judge:**

## ORDER TO SHOW CAUSE

       On November 27, 2019, the Court issued a Text Notice of Hearing setting a telephone status conference for January 9, 2020, at 10:00 a.m. and directing Plaintiffs' attorney, Jian Hang, to initiate the call. On January 9, 2020, after Mr. Hang failed to initiate the call, the Court contacted his office and was informed that Mr. Hang was on vacation. When the Court contacted Defendants' attorney, Paul Battisti, to advise him that the telephone conference would be rescheduled, the Court was advised that Mr. Battisti was not available and that the conference was not on his calendar. The Court therefore issued a Text Order noting Mr. Hang's failure to appear, Mr. Battisti's apparent unawareness of the conference, and rescheduling the telephone conference for January 14, 2020, with a direction to Mr. Hang to initiate the call.

       On January 14, 2020, Mr. Hang again failed to initiate the conference call. When the Court contacted his office, it was informed that Mr. Hang was not there. When the Court

contacted Mr. Battisti to advise him that the telephone conference would be rescheduled, it was informed that Mr. Battisti was not there.

Federal Rule of Civil Procedure 16(f) authorizes sanctions for an attorney's failure to appear at a pretrial conference:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
> (C) fails to obey a scheduling or other pretrial order.
>
> (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f). Courts frequently impose sanctions under Rule 16 for an attorney's failure to appear for a scheduled conference. *Supe v. Canon USA*, No. 11-cv-3827, 2012 WL 1898936, at *1, 2012 U.S. Dist. LEXIS 72840, at *3 (E.D.N.Y. May 24, 2012) ("In accordance with Rule 16, Courts frequently impose sanctions for an attorney's failure to appear for a scheduled conference.") (citing, *inter alia*, *Sosinsky v. Chase Manhattan Bank*, No. 99–CV–43, 1999 WL 675999, 1999 U.S. Dist. LEXIS 13288 (S.D.N.Y. Aug. 31, 1999) (imposing a monetary sanction on both parties and counsel for failure to appear at a settlement conference)).

Accordingly, both Mr. Hang and Mr. Battisti are **ORDERED TO SHOW CAUSE** before this Court on January 24, 2020, at 10:30 AM, via telephone conference to be initiated by Mr. Hang, why monetary sanctions should not be imposed for counsels' failure to appear at two

conferences. Mr. Hang should initiate the call to chambers at (315) 234-8598 once all counsel are on the line. Counsel may submit a letter brief not to exceed five pages by <u>January 21, 2020</u>.

**IT IS SO ORDERED.**

**Dated: January 14, 2020**

_____
Brenda K. Sannes
U.S. District Judge